UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNY WILLIAM BOYDE,

                              Petitioner,                    9:21-CV-0269
                                                                         (GTS/CFH)
    v.

CITY OF SYRACUSE,

                              Respondent.
_____

APPEARANCES:

JOHNNY WILLIAM BOYDE
Petitioner, pro se

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

       Liberally construing the submission, petitioner Johnny William Boyde appears to seek federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner has neither submitted the statutory filing fee nor an application to proceed in forma pauperis ("IFP").

       To commence a habeas corpus action, a petitioner must pay the court's filing fee or submit a properly certified application to proceed *in forma pauperis* ("IFP Application").[1] Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); *see also* Rule 1(b), Habeas Rules (stating that the Habeas Rules may be applied "to a habeas petition not covered by Rule 1(a)."). A proper IFP application includes a signature or certification by an appropriate prison official attesting to petitioner's balance, and average

---

[1] The proper filing fee for a habeas corpus petition is $5.00. 28 U.S.C. § 1914(a).

balance, in any account in petitioner's name at his or her facility.  Rule 3(a)(2), Habeas Rules (requiring a motion and affidavit, per 28 U.S.C. § 1915 which includes "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."); *see also* Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R.") 5.4(b)(1)(A). Local Rule 5.4 further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action."  N.D.N.Y.L.R. 5.4(b)(2)(A).

Here, given petitioner's address, it appears that he has been released from incarceration.  However, it is unclear whether petitioner reached his maximum expiration date or whether he is subject to post-release supervision or parole.  Regardless, petitioner cannot receive a certification by an appropriate prison official per the Habeas Rule cited above.

If petitioner is on probation or parole, the Advisory Notes to Rule 3 states that "the court might want to require a certificate from the supervising officer.  Petitions by persons on probation or parole are not numerous enough, however to justify making [a] special provision for this situation in the text of the rule."  If petitioner has reached his maximum expiration date, his petition should be treated like any other civil action commenced by a civilian. Regardless of petitioner's situation, in order for his action to proceed, he is directed to either file a properly certified IFP application or remit the statutory filing fee, as outlined below.

**WHEREFORE**, it is hereby

**ORDERED** that petitioner must, **within thirty (30) days** of the filing date of this

Decision and Order, either (1) pay the five dollar ($5.00) filing fee in full, or (2) submit an IFP application which has been completed and signed by him.  If petitioner is on probation or parole, he is directed to also have his IFP application certified by his probation officer or another appropriate supervising probation official; and it is further

**ORDERED** that in the event petitioner fails to timely comply with the filing fee requirements set forth in this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case; and it is further

**ORDERED** that upon petitioner's compliance with this Decision and Order, the file shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk shall respectfully serve a copy of this Decision and Order on petitioner along with a blank IFP application.

Dated: March 15, 2021
　　　　Syracuse, New York

_Glenn T. Suddaby_
Hon. Glenn T. Suddaby
Chief U.S. District Judge

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____

                          Plaintiff(s)         **APPLICATION TO PROCEED**
                                             **WITHOUT FULL PREPAYMENT**
      v.                                    **OF FEES IN ACTIONS COMMENCED**
                                             **PURSUANT TO 42 U.S.C. § 1983**

                        Defendant(s)       CASE NUMBER: _____

_____

I, _____, declare that I am (check appropriate box)

        ☐ plaintiff/movant        ☐ other

in the above-entitled proceeding and that, in support of my request to proceed without prepayment of fees or costs under 28 U.S.C. § 1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.    Are you currently incarcerated?    ☐ Yes    ☐ No (if "no," go to Question No. 2)

        If "yes," state the place of your incarceration: _____

        Are you employed at the institution?    ☐ Yes    ☐ No

        Do you receive any payment from same?    ☐ Yes    ☐ No

**Notice to Inmates:**    **The Certificate Portion Of This Affidavit Must Be Completed In Accordance With Rule 5.4(b)(1)(A) Of The Local Rules Of Practice For This Court OR You Must Include, Along With This Affidavit, Certified Copies Of Your Inmate Account Statement For The Last Six Months In Accordance With 28 U.S.C. § 1915(a)(2)**

2.    Are you currently employed?    ☐ Yes    ☐ No

    a.    If the answer is "yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b.    If the answer is "no," state the date of your last employment, the amount of your take-home salary or wages, and the name and address of your last employer.

3. In the past twelve months have you received any money from any of the following sources?

    a. Business, profession, or other self-employment     ☐ Yes     ☐ No

    b. Rent payments, interest, or dividends     ☐ Yes     ☐ No

    c. Pensions, annuities, or life insurance payments     ☐ Yes     ☐ No

    d. Disability or workers compensation payments     ☐ Yes     ☐ No

    e. Gifts or inheritances     ☐ Yes     ☐ No

    f. Any other sources     ☐ Yes     ☐ No

If the answer to any of the above is "yes," describe each source of money and state the amount received and what you expect you will continue to receive. (Attach additional pages if necessary.)

4. Do you have any cash, checking, or savings accounts?     ☐ Yes     ☐ No
If "yes," state the total amount: _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other assets?     ☐ Yes     ☐ No
If "yes," describe the property and state its value. (Attach additional pages if necessary.)

6. List the person(s) who are dependent on you for support, state your relationship to each person, and indicate how much you contribute to their support. (Attach additional pages if necessary.)

I declare under penalty of perjury that the above information is true and correct.

_____           _____
DATE                                                  SIGNATURE OF APPLICANT

**CERTIFICATE**
(To be completed by appropriate official at institution of incarceration)

I certify that the applicant named herein has the sum of $ _____ on account to his/her credit at (name of institution) _____.
I further certify that the applicant has the following securities to his/her credit: _____.
I further certify that during the past six months the applicant's average balance was $ _____.

_____           _____
DATE                                                  SIGNATURE OF AUTHORIZED OFFICER