UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNY WILLIAM BOYDE,

      Petitioner,

    v.                9:21-CV-0731
                      (GLS)
CITY OF SYRACUSE,

      Respondent.
_____

APPEARANCES:           OF COUNSEL:

JOHNNY WILLIAM BOYDE
07001284
Petitioner, pro se
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

  Petitioner Johnny William Boyd seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet.").[1] On June 29, 2021, the action was administratively closed and petitioner was given thirty days to properly commence his case by either paying the statutory filing fee or filing a properly certified application to proceed in forma pauperis (IFP). Dkt. No. 2, Administrative Closure Order. Petitioner filed a properly certified IFP

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1

application, Dkt. No. 3, and the case was reopened.[2]

Petitioner indicates that he presently has a habeas action, pursuant to 28 U.S.C. § 2254, pending in this Court. Pet. at 2-3; *see Boyde v. Conway*, No. 9:21-CV-0269 (GTS/CFH) ("*Boyde I*"), Dkt. No. 1, Petition. Most recently, in *Boyde I*, after an initial review the Court provided petitioner with thirty (30) days leave to file an amended petition in order to cure a number of deficiencies identified by the Court. *Boyde I*, Dkt. No. 15, Decision and Order ("June Order"). Specifically, the Court instructed petitioner to address: (1) the details surrounding the conviction he is challenging and any direct appeal thereof; (2) each ground petitioner wishes to raise in his habeas petition, and the facts supporting each ground; (3) if and how petitioner has exhausted his state court remedies; and (4) whether petitioner satisfies the "in custody" requirement. *Id.* at 3-7.

In the present case, petitioner indicates that he is incarcerated for "failure to report sex offender address/photo ID." Pet. at 1. It is extremely difficult to determine how petitioner has directly or collaterally challenged his incarceration in state court; however, petitioner indicates that the New York State Appellate Division, Fourth Department, denied a motion on November 14, 2014. *Id.* at 2. Petitioner indicates that he is challenging the validity of his conviction or sentence as imposed under 28 U.S.C. § 2255. *Id.* at 3. It is extremely difficult to decipher petitioner's arguments why he is entitled to habeas relief; however, it appears that he claims that the Fourth Department erred in its decision denying his appeal. *Id.* at 6. Petitioner seeks $20 billion in damages, as well as any additional relief that the court deems

---

[2] Based on petitioner's certified IFP Application, Dkt. No. 3, he is eligible to proceed with this action without paying the statutory filing fee. Petitioner will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying fees ($.50 per page).

just and proper. *Id.* at 7.

There are several issues with the present petition. First, "[t]he traditional purpose of habeas corpus" is to seek "immediate or more speedy release" from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). There are three federal statutes specifically addressing an individual seeking federal habeas relief, 28 U.S.C. §§ 2241, 2254 & 2255. While petitioner purports to seek relief pursuant to every one of these statutes, the relief he seeks is monetary compensation, which is unavailable to a petitioner in a habeas action.

Further, it appears that the present petition is pursuant to the wrong statutory provisions. Section 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3). That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255. *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *accord Cook*, 321 F.3d at 278.

Here, petitioner is not a federal inmate. Instead, he appears to challenge a violation of his sex offender conditions which seems to be related to a state court conviction. Pet. at 1. This is consistent with some of the state court records petitioner attached to his original

3

pleading in *Boyde I*. *See Boyde I*, Pet. at 11-13, 100-103 (order of the Onondaga County Court denying petitioner's N.Y. C.P.L. 440.10 motion on June 25, 2014); *id.* at 16, 70 (order of the Fourth Department reversing petitioner's guilty plea dated November 14, 2014), *id.* at 18-21, 72-74, 76-77 (order of the Fourth Department, dated February 1, 2019, affirming petitioner's judgment of conviction entered July 21, 2015); *id.* at 23-33, 79-89 (transcript from a preliminary hearing held on March 3, 2016, for petitioner's charge of failing to register as a sex offender); *id.* at 35-39, 91-95 (transcript from proceedings in the Onondaga County Courthouse on April 15, 2019, to clarify the sentence imposed upon petitioner).

The April 15, 2019 transcript outlines petitioner's criminal history. *Boyde I*, Pet. at 36-37, 92-93. As is relevant to the instant discussion, petitioner pleaded guilty to first and second degree sexual abuse and endangering the welfare of a child and was sentenced to six months incarceration and three years probation. *Id.* at 36, 92. Petitioner violated his probation and was resentenced. *Id.* By order of the Fourth Department, the judgment of conviction was reversed, the plea was vacated, and the matter was remanded to Onondaga County Court for further proceedings on the reinstated indictment. *Id.* On April 29, 2015, petitioner entered a guilty plea to first degree sexual abuse and, shortly thereafter, was sentenced to time served. *Id.* at 37, 93. Petitioner filed a direct appeal of the judgment of conviction, which the Fourth Department unanimously dismissed. *Id.* at 18, 72, 76.

It appears petitioner is again incarcerated, potentially for again failing to register; however, those details are not clear. Regardless, it seems safe to assume that petitioner's present incarceration, as well as both the instant action and *Boyde I,* are related to petitioner's underlying criminal conviction which resulted in his status as a sex offender.

4

Accordingly, petitioner is challenging a state court criminal conviction, and, assuming he is also seeking immediate release from custody, the present petition must be brought pursuant to § 2254. 28 U.S.C. § 2254(a); *accord Cook*, 321 F.3d at 278.

It is well-settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Curtis*, 226 F.3d at 138 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip.*, 342 U.S. 180, 183 (1952)). "The doctrine is also meant to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* (quoting *Adam v. Jacob*, 950 F.2d 89, 93 (2d Cir. 1991)). The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion. *See generally Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class).

In this case, petitioner's pending petition is duplicative. Petitioner indicated that he already has a habeas petition pending, *Boyde I*. Pet. at 2-3. The petitions both request relief from petitioner's present custody which appears to be related to his 2015 judgment of conviction and sentence. As both the petitions were filed prior to the Court's June Order in *Boyde I*, petitioner's pleadings and multiple cases appear to show some initial confusion with

5

how to initiate a federal case for habeas relief.  *Compare* Pet. at 8 (dated May 22, 2021) *and Boyde I,* Pet. at 125 (dated March of 2021), *with Boyde I*, June Order at 8 (dated June 21, 2021).  However, given the benefit of said June Order, such confusion should be alleviated.

In sum, petitioner is advised that he **may not** file multiple petitions challenging the same conviction.  Rather, he must allow the action filed as *Boyde I* to proceed to a determination of its merits, as he was previously advised in the Court's June Order.  Accordingly, this action will be dismissed.

Furthermore, the Court will construe the instant petition as an amended petition submitted per the June Order.  Therefore, the Clerk is respectfully directed to docket it as such in *Boyde I*.  However, for the same reasons articulated in the June Order, the amended petition is still deficient.  Accordingly, petitioner shall be given another thirty (30) days leave to file a second amended petition that remedies the deficiencies outlined by the Court in its June Order.  Specifically, petitioner is again asked to submit an amended pleading which addresses (1) the details surrounding the conviction he is challenging and any direct appeal thereof; (2) each ground petitioner wishes to raise in his habeas petition, and the facts supporting each ground; (3) if and how petitioner has exhausted his state court remedies; and (4) whether petitioner satisfies the "in custody" requirement.

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP application, Dkt. No. 3, is **GRANTED**; and it is further

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED** without prejudice as a duplicate of petitioner's pending petition in *Boyde I*, 9:21-CV-0269 (GTS/CFH); and it is further

**ORDERED** that the Clerk respectfully docket copies of (1) the petition, Dkt. No. 1, as an Amended Petition and (2) this Order in *Boyde I*; and it is further

**ORDERED** that petitioner may file a second amended petition **within thirty (30) days** of the filing date of this Decision and Order. The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose. **Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.** If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED** that, if petitioner does not file a second amended petition within thirty (30)

7

days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that, upon the filing of any second amended petition, the Clerk shall forward the file in this matter to the Court for further review. No answer to the petition will be required from the respondent until petitioner has submitted the second amended petition, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

July 12, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge